1  WILLIAM FRENTZEN (CA SBN 343918)
   WFrentzen@mofo.com
2  CRAIG D. MARTIN (CA SBN 168195)
   CMartin@mofo.com
3  HANNA M. LAURITZEN (CA SBN 339895)
   HLauritzen@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, CA 94105-2482
   Telephone:    415.268.7000
6  Facsimile:    415.268.7522

7  NICOLE K. SERFOSS (admitted *pro hac vice*)
   NSerfoss@mofo.com
8  MORRISON & FOERSTER LLP
   4200 Republic Plaza
9  370 Seventeenth Street
   Denver, CO 80202-5638
10 Telephone:    303.592.1500
   Facsimile:    303.592.1510

11

12 Attorneys for Defendant
   VIDUL PRAKASH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> v.<br><br>VIDUL PRAKASH,<br><br>     Defendant. | Case No.: 5:23-cv-03300-BLF<br><br>RELATED CASE:<br><br>Case No. 5:21-cv-06374-BLF<br><br>**DEFENDANT VIDUL PRAKASH'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: January 25, 2024<br>Time: 9:00 a.m.<br>Ctrm: 3 |

Concurrently herewith, Defendant Vidul Prakash has moved to dismiss Plaintiff's Complaint, Dkt. No. 1 (the "Complaint"). Mr. Prakash requests the Court consider documents incorporated by reference in the Complaint and take judicial notice of certain documents attached as exhibits to the Declaration of Hanna M. Lauritzen (the "Lauritzen Declaration") filed in support of his Motion to Dismiss.

## ARGUMENT

When ruling on a motion to dismiss a complaint alleging violations of the federal securities laws, "courts must consider the Complaint in its entirety," including "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1055 n.1 (9th Cir. 2008). "If a Complaint cites to a document not actually attached as an exhibit, the court may still treat that document as part of the pleading for purposes of evaluating a motion to dismiss." *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (citing *Branch*, 14 F.3d 449, 454 (9th Cir. 1994) (overruled on other grounds)).

The incorporation by reference doctrine treats documents "as though they are part of the complaint itself," *Khoja v. Orexigan Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim," *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

A court may also take judicial notice of matters that are "generally known within the trial court's territorial jurisdiction" or that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

**Exhibits A through H** attached to the Lauritzen Declaration meet one or more of the foregoing standards, as discussed below. Accordingly, this Court should consider these documents when ruling on Mr. Prakash's Motion to Dismiss. *Tellabs*, 551 U.S. at 322; *see also* Fed. R. Evid. 201(c)(2) (stating a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

### I.     THE COURT SHOULD CONSIDER CF II AND VIEW'S SEC FILINGS.

Mr. Prakash requests that the Court consider **Exhibits A-E,** CF Finance Acquisition Corp.

II's ("CF II") and View Inc.'s ("View") SEC filings, as incorporated by reference in Plaintiff's Complaint. The Complaint references and relies on these filings as shown below.

| Exhibit | Description | Cited in Complaint ¶ |
|---|---|---|
| A | CF II's Form S-4, as filed with the SEC on December 23, 2020 | ¶¶ 45-48 |
| B | CF II's Amended Form S-4, as filed with the SEC on January 25, 2021 | ¶ 56 |
| C | CF II's Prospectus, as filed with the SEC on February 16, 2021 | ¶¶ 58-59 |
| D | View's Form 8-K, as filed with the SEC on March 12, 2021 | ¶¶ 60, 61 |
| E | View's Form 10-K, as filed with the SEC on June 15, 2022 | ¶ 74 |

In addition to being able to consider Exhibits A-E under the incorporation by reference doctrine, the Court should take judicial notice of Exhibits A-E pursuant to the judicial notice doctrine as publicly available SEC filings. The Ninth Circuit has held that it is appropriate to take judicial notice of SEC filings when ruling on a motion to dismiss. *See Metzler*, 540 F.3d at 1064 & n.7 (holding that it is proper to take judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (same); *In re Calpine Corp. Sec. Lit.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) (stating that the court "may properly take judicial notice of SEC filings and documents expressly referenced" in a complaint).

Accordingly, the Court should consider Exhibits A-E.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE TRANSCRIPT OF VIEW'S 2021 EARNINGS CALL.

Mr. Prakash requests that the Court also take judicial notice of the transcript of View's 2021 earnings call that took place on May 31, 2022, attached as **Exhibit F** to the Lauritzen Declaration. Courts routinely take judicial notice of earnings call transcripts as publicly available documents not subject to reasonable dispute. *See, e.g., In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (taking judicial notice of transcripts of investor conference calls); *In re Facebook, Inc. Sec. Litig.*, 477 F. Supp. 3d 980, 1009 (N.D. Cal. 2020) (taking judicial notice of earnings calls and

shareholder meetings).  Accordingly, the Court should take judicial notice of Exhibit F.

### III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE SEC'S PRESS RELEASE AND ORDER INSTITUTING PROCEEDINGS.

Mr. Prakash requests that the Court take judicial notice of **Exhibit G**, the SEC's July 3, 2023, press release titled, "*SEC Charges 'Smart' Window Manufacturer, View Inc., with Failing to Disclose $28 Million Liability.*"  The release describes the Plaintiff's settlement with View and the SEC's description of the charges brought against Mr. Prakash.  Mr. Prakash requests that the Court take judicial notice that the statements contained therein were made by the SEC.  *See Bielousov v. GoPro, Inc.*, 2017 WL 3168522, at *4 (N.D. Cal. July 26, 2017) (taking judicial notice of the fact that certain statements were made in public documents, but not of the truth of the matters asserted therein).  Courts in the Ninth Circuit routinely take judicial notice of press releases.  *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1063 (C.D. Cal. 2012) (compiling cases).  Accordingly, the Court should take judicial notice of Exhibit G.

Finally, the Court should also take judicial notice of Paragraph 12 of Exhibit H, the SEC's Order Instituting Proceedings against View, making findings, and imposing a cease-and-desist order, dated July 3, 2023.  Specifically, Mr. Prakash requests that the Court take judicial notice of the statements made by the SEC in Exhibit H that View's financial statements furnished with CF II's December 23, 2020 Form S-4 reflected the installation costs that had been incurred during the applicable reporting periods in View's cost of revenue.  "Courts can take judicial notice of SEC orders," including Orders Instituting Proceedings.  *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (collecting cases).  Accordingly, the Court should take judicial notice of statements made by the SEC in Paragraph 12 of Exhibit H.

### CONCLUSION

For the foregoing reasons, Mr. Prakash respectfully requests that the Court consider and/or take judicial notice of the contents of the documents attached as **Exhibits A through H** to the Lauritzen Declaration, as specified above.

1 | Dated: September 5, 2023

MORRISON & FOERSTER LLP

By: /s/ *Craig D. Martin*

Attorneys for Defendant Vidul Prakash