WILLIAM FRENTZEN (CA SBN 343918)
WFrentzen@mofo.com
CRAIG D. MARTIN (CA SBN 168195)
CMartin@mofo.com
HANNA M. LAURITZEN (CA SBN 339895)
HLauritzen@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone:    415.268.7000
Facsimile:    415.268.7522

NICOLE K. SERFOSS (admitted *pro hac vice*)
NSerfoss@mofo.com
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202-5638
Telephone:    303.592.1500
Facsimile:    303.592.1510

Attorneys for Defendant
VIDUL PRAKASH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>        v.<br><br>VIDUL PRAKASH,<br><br>                    Defendant. | Case No.: 5:23-cv-03300-BLF<br><br>RELATED CASE:<br><br>Case No. 5:21-cv-06374-BLF<br><br>**DEFENDANT VIDUL PRAKASH'S ANSWER TO COMPLAINT** |

Defendant Vidul Prakash ("Mr. Prakash"), by and through his undersigned counsel, submits the following answer to the Complaint filed by Plaintiff Securities and Exchange Commission. ("Plaintiff").

Mr. Prakash states that the headings and sub-headings throughout the Complaint do not constitute well-pleaded allegations of fact and, therefore, require no response. To the extent that a response is deemed required, Defendant denies the allegations contained in the Complaint's headings and sub-headings.

Mr. Prakash denies all allegations in the Complaint that he does not explicitly admit and otherwise answers as follows:

## SUMMARY OF ACTION

1.  Mr. Prakash states that no response to the allegations in paragraph 1 is necessary as they consist solely of legal conclusions. To the extent any response is necessary, Mr. Prakash denies the allegations in paragraph 1 of the Complaint.

2.  Mr. Prakash denies the allegations in paragraph 2 of the Complaint.

3.  Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint, and on that basis denies them, except admits that (a) View manufactures "smart" windows; (b) when he was CFO of View, it had an office in Milpitas, California; and (c) after he became View's CFO, he learned that View had discovered a defect in some of its windows sold.

4.  Mr. Prakash denies the allegations in paragraph 4 of the Complaint.

5.  Mr. Prakash denies the allegations in paragraph 5 of the Complaint and refers to View's and CF II's SEC filings for their complete and accurate content.

6.  Mr. Prakash denies the allegations in paragraph 6 of the Complaint, except admits that (a) Installation Costs were not covered by View's written warranty and (b) View's accounting and finance personnel determined that View should not accrue for Installation Costs.

7.  Mr. Prakash denies the allegations in paragraph 7 of the Complaint.

8.  Mr. Prakash denies the allegations in paragraph 8 of the Complaint.

9. Mr. Prakash denies the allegations in paragraph 9 of the Complaint, except admits that View restated its financial statements for fiscal years 2019, 2020 and Q1 2021 in May 2022, and refers to View's SEC filings for their complete contents.

10. Mr. Prakash states that no response to the allegations in paragraph 10 is necessary as they consist solely of legal conclusions.  To the extent any response is necessary, Mr. Prakash denies the allegations in paragraph 10 of the Complaint.

11. Mr. Prakash states that no response to the allegations in paragraph 11 is necessary as they describe Plaintiff's prayer for relief.  To the extent any response is necessary, Mr. Prakash denies the allegations in paragraph 11 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

12. Mr. Prakash admits that Plaintiff purports to bring this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act (15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)) and Sections 21(d), 21(e), and 27 of the Exchange Act (15 U.S.C. §§ 78u(d), 78u(e), and 78aa).

13. Mr. Prakash admits that this Court has jurisdiction over this action.

14. Mr. Prakash states that no response to the allegations in paragraph 14 is necessary as they consist solely of legal conclusions, and otherwise denies the allegations in paragraph 14 of the Complaint.

15. Mr. Prakash states that no response to the allegations in paragraph 15 is necessary as they consist solely of legal conclusions.  To the extent any response is necessary, Mr. Prakash denies the allegations, except admits that when he was CFO of View, it had an office in this District.

16. Mr. Prakash states that no response to the allegations in paragraph 16 is necessary as they consist solely of legal conclusions.  To the extent any response is necessary, Mr. Prakash denies the allegations, except admits that when he was CFO of View, it had an office in Santa Clara County.

## DEFENDANT

17. Mr. Prakash admits the allegations in paragraph 17 of the Complaint, except denies that he is 55.

**RELATED ENTITY**

18. Mr. Prakash denies the allegations in paragraph 18 of the Complaint, except admits that (a) View is a Delaware corporation and (b) View's stock trades on Nasdaq under the ticker symbol "VIEW."

19. Mr. Prakash denies the allegations in paragraph 19 of the Complaint, except admits that (a) CF Finance Acquisition Corp. II was a Delaware corporation with its principal executive offices in New York; and (b) CF Finance Acquisition Corp. II was a special purpose acquisition company and an SEC-reporting company.

**FACTUAL ALLEGATIONS**

20. Mr. Prakash admits the allegations in paragraph 20 of the Complaint.

21. Mr. Prakash admits the allegations in paragraph 21 of the Complaint.

22. Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint, and on that basis denies them, except admits that after he became View's CFO, he learned that View had identified a defect in its windows related to a sealing component manufactured by a third-party.

23. Mr. Prakash denies the allegations in paragraph 23 of the Complaint.

24. Mr. Prakash denies the allegations in paragraph 24 of the Complaint, except admits that as CFO, he attended meetings with View's executives, including View's CEO and CBO.

25. Mr. Prakash denies the allegations in paragraph 25 of the Complaint.

26. Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26 of the Complaint, and on that basis denies them.

27. Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27 of the Complaint, and on that basis denies them.

28. Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28 of the Complaint, and on that basis denies them.

29. Mr. Prakash denies the allegations in paragraph 29 of the Complaint, except admits that on some occasions, (a) the Customer Success department hired third-party window installers, known as glaziers, to perform the actual installation of the replacement windows and that (b) to

| | |
|---|---|
| 1 | hire glaziers, the Customer Success department staff submitted purchase requisitions – a request to |
| 2 | buy services – for the Installation Costs, through View's finance department. |

  30. Mr. Prakash admits the allegations in paragraph 30 of the Complaint.

  31. Mr. Prakash denies the allegations in paragraph 31 of the Complaint.

  32. Mr. Prakash denies the allegations in paragraph 32 of the Complaint, except admits that he received updates tracking which customers had windows with the Defect, the number of windows affected, how many windows had already been replaced, and how many windows remained to be replaced.

  33. Mr. Prakash lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 33 of the Complaint, and on that basis denies them.

  34. Mr. Prakash denies the allegations in paragraph 34 of the Complaint.

  35. Mr. Prakash denies Plaintiff's characterization of US GAAP as alleged in paragraph 35 of the Complaint and refers to US GAAP for its complete and accurate content.

  36. Mr. Prakash denies the allegations in paragraph 36 of the complaint, except admits that, in approximately late 2019 or early 2020, he assembled a team of View's accounting and finance personnel to determine how View should account for the Defect, including whether View should accrue a warranty liability for its projected expenses associated with addressing the Defect.

  37. Mr. Prakash denies the allegations in paragraph 37 of the Complaint, except admits that paragraph 37 quotes selectively from the presentation referenced in paragraph 37 of the Complaint, and refers to that presentation for its accurate and complete content.

  38. Mr. Prakash denies the allegations in paragraph 38 of the Complaint, except admits that paragraph 38 quotes selectively from the January 2020 presentation and refers to that presentation for its accurate and complete content.

  39. Mr. Prakash denies the allegations in paragraph 39 of the Complaint.

  40. Mr. Prakash denies the allegations in paragraph 40 of the Complaint, except admits that the Warranty Liability Team that he assembled recommended that View book a warranty liability that excluded Installation Costs.

  41. Mr. Prakash denies the allegations in paragraph 41 of the Complaint.

| | |
|---|---|
| 1 | 42.    Mr. Prakash denies the allegations in paragraph 42 of the Complaint, except admits that (a) View recorded a $24.5 million warranty liability in or around April 2020 based in part on the Warranty Liability Team's recommendation and (b) the warranty liability did not include Installation Costs. |

42. Mr. Prakash denies the allegations in paragraph 42 of the Complaint, except admits that (a) View recorded a $24.5 million warranty liability in or around April 2020 based in part on the Warranty Liability Team's recommendation and (b) the warranty liability did not include Installation Costs.

43. Mr. Prakash denies the allegations in paragraph 43 of the Complaint.

44. Mr. Prakash denies the allegations in paragraph 44 of the Complaint.

45. Mr. Prakash denies the allegations in paragraph 45 of the Complaint, except admits that CF II filed a Form S-4 with the Commission on or around December 23, 2020.

46. Mr. Prakash denies the allegations in paragraph 46 of the Complaint, except admits that paragraph 46 quotes selectively from the Form S-4, and refers to the Form S-4 for its accurate and complete content.

47. Mr. Prakash admits the allegations in paragraph 47 of the Complaint.

48. Mr. Prakash denies the allegations in paragraph 48 of the Complaint, except admits that paragraph 48 quotes selectively from the Form S-4, and refers to the Form S-4 for its accurate and complete content.

49. Mr. Prakash denies the allegations in paragraph 49 of the Complaint.

50. Mr. Prakash denies the allegations in paragraph 50 of the Complaint.

51. Mr. Prakash denies the allegations in paragraph 51 of the Complaint, and refers to the referenced email for its accurate and complete content.

52. Mr. Prakash denies the allegations in paragraph 52 of the Complaint, except admits that paragraph 52 quotes selectively from a January 19, 2021 Comment Letter, and refers to that comment letter for its accurate and complete content.

53. Mr. Prakash denies the allegations in paragraph 53 of the Complaint, except admits that he assembled View's accounting and finance staff to discuss how to respond to the Comment Letter.

54. Mr. Prakash denies the allegations in paragraph 54 of the Complaint, except admits that paragraph 54 quotes selectively from the Comment Letter and characterizes an email he received, and refers to those documents for their accurate and complete content.

DEFENDANT VIDUL PRAKASH'S
ANSWER TO COMPLAINT                            5                        CASE NO.: 5:23-CV-03300-BLF

55. Mr. Prakash denies the allegations in paragraph 55 of the Complaint.

56. Mr. Prakash denies the allegations in paragraph 56 of the Complaint, except admits that paragraph 56 refers to a Form S-4 filed by CF II on or around January 26, 2021 and refers to the Form S-4 for its accurate and complete content.

57. Mr. Prakash denies the allegations in paragraph 57 of the Complaint.

58. Mr. Prakash denies the allegations in paragraph 58 of the Complaint and refers to the Prospectus/Proxy Statement filed with the Commission by CF II on February 16, 2021 for its complete and accurate content.

59. Mr. Prakash denies the allegations in paragraph 59 of the Complaint, and refers to the December 23, 2020 Proxy and Registration Statement and the February 16, 2021 Prospectus/Proxy Statement for their complete and accurate content.

60. Mr. Prakash denies the allegations in paragraph 60 of the Complaint and refers to the Form 8-K filed by View with the Commission on or around March 12, 2021 for its accurate and complete content.

61. Mr. Prakash admits the allegations in paragraph 61 of the Complaint.

62. Mr. Prakash denies the allegations in paragraph 62 of the Complaint, except admits that paragraph 62 quotes selectively from an email forwarded on or about April 7, 2021, and refers to that email for its accurate and complete content.

63. Mr. Prakash denies the allegations in paragraph 63 of the Complaint.

64. Mr. Prakash denies the allegations in paragraph 64 of the Complaint.

65. Mr. Prakash denies the allegations in paragraph 65 of the Complaint.

66. Mr. Prakash denies the allegations in paragraph 66 of the Complaint and refers to the Form 10-Q filed with the Commission by View on or around May 17, 2021 for its complete and accurate content.

67. Mr. Prakash admits the allegations in paragraph 67 of the Complaint.

68. Mr. Prakash denies the allegations in paragraph 68 of the Complaint, except admits that paragraph 68 quotes selectively from the Form 10-Q, and refers to the Form 10-Q for its accurate and complete contents.

69. Mr. Prakash denies the allegations in paragraph 69 of the Complaint, except admits that paragraph 69 quotes selectively from 18 U.S.C. Section 1350, and refers to 18 U.S.C. Section 1350 and the Form 10-Q for their accurate and complete contents.

70. Mr. Prakash denies the allegations in paragraph 70 of the Complaint. Mr. Prakash refers to the Form 10-Q for its accurate and complete contents.

71. Mr. Prakash denies the allegations in paragraph 71 of the Complaint.

72. Mr. Prakash denies the allegations in paragraph 72 of the Complaint, except admits that it quotes selectively from the Form 8-K, and refers to the Form 8-K filed by View with the Commission on November 9, 2021 for its complete contents.

73. Mr. Prakash denies the allegations in paragraph 73 of the Complaint, except admits that View issued a Form 8-K on May 31, 2022, and refers to the Form 8-K for its accurate and complete contents.

74. Mr. Prakash denies the allegations in paragraph 74 of the Complaint, except admits that it characterizes the Form 10-K filed by View with the Commission on June 15, 2022, and refers to the Form 10-K for its complete contents.

75. Mr. Prakash states that no response to the allegations in paragraph 75 is necessary to the extent they consist of legal conclusions. Mr. Prakash denies the allegations in paragraph 75 of the Complaint and refers to View's SEC filings for their accurate and complete information.

**FIRST CLAIM FOR RELIEF**

**Violations of Section 17(a)(3) of the Securities Act**

76. Mr. Prakash refers to and incorporates his answers to each and every allegation as if fully set forth herein.

77. Mr. Prakash states that no response to the allegations in paragraph 77 is necessary as they consist solely of legal conclusions, and otherwise denies the allegations in paragraph 77 of the Complaint.

78. Mr. Prakash states that no response to the allegations in paragraph 78 is necessary as they consist solely of legal conclusions, and otherwise denies the allegations in paragraph 78 of the Complaint.

## SECOND CLAIM OF RELIEF

### Violations of Section 14(a) and Rule 14a-9 of the Exchange Act

79. Mr. Prakash refers to and incorporates his answers to each and every allegation as if fully set forth herein.

80. Mr. Prakash states that no response to the allegations in paragraph 80 is necessary as they consist of legal conclusions, and otherwise denies the allegations in paragraph 80 of the Complaint.

81. Mr. Prakash denies the allegations in paragraph 81 of the Complaint.

## THIRD CLAIM FOR RELIEF

### Violations of Rule 13b2-1 of the Exchange Act

82. Mr. Prakash refers to and incorporates his answers to each and every allegation as if fully set forth herein.

83. Mr. Prakash states that no response to the allegations in paragraph 83 is necessary as they consist of legal conclusions, and otherwise denies the allegations in paragraph 83 of the Complaint.

84. Mr. Prakash denies the allegations in paragraph 84 of the Complaint.

## PRAYER FOR RELIEF

I.

Mr. Prakash states that no response to Plaintiff's prayer for relief is necessary. To the extent any response is necessary, Mr. Prakash denies that he has engaged in any violation of law and denies that Plaintiff is entitled to any relief whatsoever.

II.

Mr. Prakash states that no response to Plaintiff's prayer for relief is necessary. To the extent any response is necessary, Mr. Prakash denies that he has engaged in any violation of law and denies that Plaintiff is entitled to any relief whatsoever.

III.

Mr. Prakash states that no response to Plaintiff's prayer for relief is necessary. To the extent any response is necessary, Mr. Prakash denies that he has engaged in any violation of law and

denies that Plaintiff is entitled to any relief whatsoever.

IV.

Mr. Prakash states that no response to Plaintiff's prayer for relief is necessary. To the extent any response is necessary, Mr. Prakash denies that he has engaged in any violation of law and denies that Plaintiff is entitled to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant Vidul Prakash hereby sets forth defenses to Plaintiff's Complaint in order to place Plaintiff on notice regarding applicable defenses. By listing any matter as a defense herein, Defendant Vidul Prakash does not assume the burden of proving any matter upon which Plaintiff, or any other party, bears the burden of proof under applicable law.

## **FIRST DEFENSE**

**(Failure to State a Claim)**

Plaintiff's Complaint fails to allege facts sufficient to state a claim for relief.

## **SECOND DEFENSE**

**(No Negligence)**

Mr. Prakash is not liable under any of Plaintiff's claims, because Mr. Prakash acted reasonably.

## **THIRD DEFENSE**

**(Intervening or Superseding Acts of Third Parties)**

Mr. Prakash is not liable under any of Plaintiff's claims, because the alleged misstatements resulted from the acts or omissions of third parties. The acts of such third parties constitute intervening or superseding causes of the harm alleged.

## **FOURTH DEFENSE**

**(Lack of Materiality)**

Plaintiff's claims against Mr. Prakash are barred, in whole or in part, because any stated misrepresentation or omission for which Mr. Prakash is allegedly responsible was not material.

**FIFTH DEFENSE**

**(No Fraud or Deceit)**

Mr. Prakash is not liable under Section 17(a)(3) of the Securities Act because he did not engage in any transaction, practice, or course of conduct which operates or would operate as a fraud or deceit upon any purchaser of securities.

**SIXTH DEFENSE**

**(No Solicitation)**

Mr. Prakash is not liable under Section 14(a) and Rule 14a-9 of the Exchange Act because he did not solicit any proxy and did not permit the use of his name to solicit any proxy.

**SEVENTH DEFENSE**

**(No Falsification of Books and Records)**

Mr. Prakash is not liable under Rule 13b2-1 of the Exchange Act because he did not directly or indirectly falsify or cause to be falsified any book, record or account subject to section 13(b)(2)(A) of the Securities Exchange Act.

**EIGHTH DEFENSE**

**(No Authority for Officer and Director Bar)**

Plaintiff's request for an officer and director bar is barred, in whole or in part, because the SEC lacks authority to seek this type of relief, and the court lacks the authority to enter a bar, where there is no scienter.

**NINTH DEFENSE**

**(Reliance)**

Mr. Prakash was entitled to rely, and did rely upon the opinions of professionals in affixing his signature on, or authorizing the filing of, documents filed with the SEC.

## TENTH DEFENSE

### (Rule 13b2-1 Claim Barred)

The SEC's claims are barred, in part, because it exceeded its authority in promulgating Rule 13b2-1. Mr. Prakash cannot be held principally liable under any rule promulgated under Section 13, as the SEC lacks authority to hold individuals principally liable under that section.

## ELEVENTH DEFENSE

### (Laches, Waiver and/or Estoppel)

The SEC's claims are barred, in whole or in part, by laches, waiver and/or estoppel.

## TWELFTH DEFENSE

### (Statute of Limitations)

The SEC's claims are barred, in whole or in part, by the applicable statutes of limitations.

## RESERVATION OF RIGHTS

Defendant Vidul Prakash expressly reserves the right to assert any additional defenses that may now exist or in the future may be available based on discovery and further factual investigation in this case.

## DEMAND FOR JURY TRIAL

Defendant Vidul Prakash hereby demands a trial by jury of all issues so triable in this action.

Dated: March 11, 2024

MORRISON & FOERSTER LLP

By: */s/ Craig D. Martin*
Craig D. Martin

Attorneys for Defendant Vidul Prakash