UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VIDUL PRAKASH,<br><br>Defendant. | Case No. 23-cv-03300-BLF (SVK)<br><br>**ORDER DIRECTING SUBMISSION OF DOCUMENTS FOR** ***IN CAMERA*** **REVIEW**<br><br>Re: Dkt. No. 63 |

Before the Court is the Parties' joint discovery submission in which Defendant Vidul Prakash seeks to compel the production of interview notes from Plaintiff Securities and Exchange Commission (the "Commission"). *See* Dkt. 63 (the "Submission"). For the reasons set forth below, the Court will review the documents in question *in camera* before ruling on Defendant's request.

**Relevant Factual Background.** Non-party View, Inc. ("View"), a manufacturer and seller of "smart" windows, allegedly disseminated false and misleading statements in its filings with the Commission. The statements concerned View's accrual of liabilities reflecting costs incurred to ship and install replacement windows after the company discovered defects in many of its sold windows. One of the central issues in the case concerns whether Defendant, View's former CFO, had been told that View would cover shipping and installation costs for all customers of defective windows, or whether he understood View's coverage of these costs to be on a case-by-case basis. The Commission understands that View's management decided to pay these costs for all customers, and according to Defendant, the Commission bases that understanding on testimony provided by Daniel Purdy, View's former Vice President of Field Operations, in June 2022 during the Commission's pre-suit investigation. But about a year before Mr. Purdy provided

that testimony, he stated in an interview conducted by View's audit committee during an internal investigation that the company would pay shipping and installation costs on a case-by-case basis.[1] Defendant, therefore, seeks to probe this inconsistency in Mr. Purdy's statements, as the all costs/case-by-case issue underlies the Commission's theory of liability against him.

At issue in the instant discovery dispute is an interview of Mr. Purdy conducted by the Commission in February 2022, a few months before Mr. Purdy testified before the Commission. Based on an email produced in discovery, Defendant determined that the Commission likely discussed the all costs/case-by-case issue with Mr. Purdy during his February 2022 interview. Defendant questioned Mr. Purdy about the interview at his deposition, but Mr. Purdy testified that he does not remember what he discussed in the interview. The interview is otherwise "unrecorded but for memoranda and notes prepared by three individuals on the [Commission's] staff": an attorney, a paralegal and an accountant. *See id.* at 2 & n.3; *see also id.* at 7 (the Commission describing its recordings as notes prepared by three staff members). Defendant accordingly requests that the Court compel the Commission to produce its notes from the interview, and the Commission resists production on the basis of the work-product doctrine.

**The Notes Are Work Product.** As documents prepared by the Commission in connection with its pre-suit investigation, the notes constitute protectable work product. *See United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (discussing two-part test to "qualify for work-product protection"). The Court rejects Defendant's arguments on this point.

*First*, Defendant relies on inapposite authorities in arguing that the protection does not apply. *See* Submission at 4. In *SEC v. Thrasher*, No. 92-cv-06987-JFK, 1995 WL 46681 (S.D.N.Y. Feb. 7, 1995), the Commission "ma[de] no effort to meet its burden of proffering competent evidence establishing the basis of its work-product claim" such that it was "at least arguable that some or all of the interview notes were not prepared principally or exclusively to

---

[1] This statement from Mr. Purdy comes from a memorandum prepared by Cooley, LLP, the firm that conducted the audit committee's internal investigation. *See* Submission at 2, 6-7. In a recent deposition, Mr. Purdy testified that the memorandum in question "did not accurately reflect his statements." *See id.* at 7.

2

assist in anticipated litigation." *See id.* *3-4.  Here, the Court is satisfied on the current record that the Commission prepared the notes because it anticipated litigation.  *See also Richey*, 632 F.3d at 567-68 (where document created for multiple purposes, work-product determination hinges on "whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation" (quotation marks omitted)). *SEC v. Stratton Oakmont, Inc.*, No. 92-cv-01993-JES, 1992 WL 226924 (S.D.N.Y. June 22, 1992), also does not assist Defendant, as the court there issued a short order without providing any analysis.

   ***Second***, Defendant points to narrow disclosures by the Commission in arguing that the Commission waived the protection.  *See* Submission at 4.  But disclosure of questions asked by the Commission outside of the interview are irrelevant, and disclosure of the subjects potentially discussed in the interview is far different than selectively disclosing portions of the notes memorializing the interview.  *Cf. Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2019 WL 3815719, at *4 (N.D. Cal. Apr. 19, 2019) ("Once Plaintiffs waived the protection of the attorney work product doctrine for a confidential witness's conversation with Plaintiffs' representatives, the waiver extended to the entire conversation.").

   **Defendant May Be Entitled To A Narrow Production.**  Courts classify work product into two categories:  (1) fact work product; and (2) opinion work product.  *See Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO, 2024 WL 3159292, at *2 (N.D. Cal. June 24, 2024).  Because Defendant seeks to discover only the fact of what Mr. Purdy said during the February 2022 interview, the Court will construe his request as concerning only the fact work product (if any) contained within the notes.  To obtain fact work product, a party must show "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  *See* Fed. R. Civ. P. 26(b)(3)(A); *Tremblay*, 2024 WL 3159292, at *2.  Defendant satisfies these showings.  He has a **substantial need** for the notes because Mr. Purdy appears to have discussed a key issue in the case during his interview, and what he said may significantly bolster Defendant's position.  Likewise, Defendant cannot obtain any **substantial equivalent by other means** because there are no other records of the interview,

3

and Mr. Purdy does not remember what he discussed in the interview. The Court rejects the Commission's counterarguments which rely almost entirely on out-of-circuit, nonbinding authorities, and which impose an overly narrow conception of "substantial need." *See* Submission at 9-10.

\* \* \*

Accordingly, for good cause shown, the Court **ORDERS** the Commission to submit the three sets of notes to the Court via email for *in camera* review by **March 13, 2025**. For those notes that are handwritten, the Commission shall submit a handwritten copy and a transcribed copy, if a transcription already exists. The notes shall contain highlighting for those portions concerning what (if anything) Mr. Purdy said about the all costs/case-by-case issue. The Court will determine whether Defendant is entitled to production of any portion of the notes after completing its *in camera* review. To the extent that Defendant requests the production of "similar interview memos" prepared during the Commission's pre-suit investigation (*see id.* at 5-6), the Court **DENIES** that request; Defendant offers no explanation of the relevance of or substantial need for those documents, and the Submission focuses almost exclusively on Defendant's request for the notes memorializing the February 2022 interview of Mr. Purdy.

**SO ORDERED.**

Dated: March 7, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge