UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDUL PRAKASH,<br><br>    Defendant. | Case No. 23-cv-03300-BLF (SVK)<br><br>**ORDER DENYING MOTION TO QUASH OR FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 56 |

    Based on little more than his say-so, non-party Amar Shah requests that the Court prohibit Defendant Vidul Prakash from deposing him. *See* Dkt. 56 (the "Motion"). Because Mr. Shah fails to satisfy his evidentiary burden, the Court **DENIES** the Motion.[1]

I.    **BACKGROUND**

    Plaintiff Securities and Exchange Commission alleges that non-party View, Inc. ("View"), disseminated false and misleading statements by failing to include accruals for certain warranty liabilities in its public filings. It brings this action against Defendant, View's former CFO, for his role in approving those filings. To assist it with preparing the filings, View retained Effectus Group, LLC ("Effectus"), an accounting firm. Effectus advised the company on various accounting matters during the relevant time including the warranty-liability issue. Mr. Shah, then a director at Effectus, worked on several of these accounting projects. He insists via declaration, however, that he performed no substantive work on the warranty-liability issue underlying this action and that he possesses no relevant knowledge. Even so, he concedes that Defendant

---

[1] The Honorable Beth Labson Freeman referred the Motion to the undersigned, which the Court has determined is suitable for resolution without oral argument. *See* Dkt. 57; Civil Local Rule 7-1(b).

included him on correspondence and meeting invitations concerning the issue. Defendant accordingly served document and deposition subpoenas on Mr. Shah. Mr. Shah produced documents, but the Parties could not agree on a deposition date before the apparent deadline for moving to quash, and so Mr. Shah filed the Motion.[2]

## II. LEGAL STANDARD

A district court "must quash or modify a subpoena that . . . subjects a person to undue burden." *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). Likewise, a district court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding [a] disclosure or discovery." *See id.* 26(c)(1)(A). A district court must also "limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See id.* 26(b)(2)(C)(i). The party "seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *See In re Google Litig.*, No. 08-cv-03172-RMW, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (footnote citation omitted); *see also Free Stream Media Corp. v. Alphonso Inc.*, No. 17-cv-02017-RS, 2017 WL 6209309, at *3 (N.D. Cal. Dec. 8, 2017) (moving party bears burden on motion to quash subpoena); *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 436, 437 (N.D. Cal. 2008) (same for motion for a protective order). Ultimately, "it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances." *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)

---

[2] In an email to counsel for Defendant, counsel for Mr. Shah identified a purported deadline of February 13, 2025 for moving to quash, given that Defendant served the subpoena on January 30, 2025. *See* Dkt. 56-6 at ECF Page 3. Mr. Shah's counsel presumably calculated the February 13 date based on the 14-day deadline to object to document subpoenas. *See* Fed. R. Civ. P. 45(d)(2)(B). But that deadline does not apply to <u>deposition</u> subpoenas, and the Court is not aware of any rule that would have prohibited Mr. Shah from moving to quash after February 13 if further meet-and-confer efforts failed. *See Dick Corp. v. SNC-Lavalin Constructors, Inc.*, No. 06-cv-00715-MJB, 2006 WL 8454968, at *3 (W.D. Wash. Oct. 2, 2006); *see also* 9 Moore's Federal Practice – Civil § 45.50 (2025) ("Because Rule 45 does not provide any specific time period for bringing a motion to quash or modify, courts have required that the motion be made before the date specified by the subpoena for compliance." (footnote citations omitted)).

(quotation marks and footnote citation omitted).

## III. DISCUSSION

Mr. Shah requests that the Court either bar Defendant from deposing him or shift Mr. Shah's cost of attendance to Defendant. The Court rejects both requests.

### A. The Court Will Not Prohibit Defendant From Deposing Mr. Shah

Mr. Shah offers four reasons why the Court should prevent Defendant from deposing him, each of which the Court rejects.

***First***, Mr. Shah argues that the "discovery sought by [Defendant] is irrelevant to the warranty accounting issue" underlying this action because "it is not any underlying accounting work that is at issue." *See* Motion at 5-6. But as Mr. Shah admits in his declaration, Effectus did advise View on the warranty-liability issue including through discussions with Defendant. Thus, the "underlying accounting work" performed by Effectus easily falls within the broad scope of discovery permitted by Federal Rule of Civil Procedure 26. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) ("District courts have broad discretion in determining relevancy for discovery purposes." (citation omitted)).

***Second***, Mr. Shah argues that any testimony he could provide in a deposition "would have no bearing on the accounting issues arguably relevant in this action" because he "has no relevant knowledge on the warranty accounting issue." *See* Motion at 6. But a "claimed lack of knowledge, by itself, is insufficient to preclude a deposition." *See In re Google*, 2011 WL 4985279, at *2 (footnote citation omitted). Indeed, were a self-serving declaration sufficient, presumably every subpoenaed non-party could prepare one to avoid a deposition—the Court will not sanction that tactic. Further, as the Parties' submissions demonstrate, documentary evidence suggests that Mr. Shah does possess at least some knowledge of Effectus's work on the warranty-liability issue. *See, e.g.*, Dkt. 56-7 ¶ 4 (Mr. Shah stating in declaration that he "was copied on certain emails with View relating to warranty accounting services for View"); Dkt. 61-3 (email from View employee summarizing "call with Uday and Amar [Shah]" regarding, *inter alia*, warranty-liability issue). In light of that evidence, Defendant is entitled to probe the extent of Mr. Shah's knowledge in a deposition.

***Third***, Mr. Shah argues that deposing him would be unreasonably cumulative in light of discovery that he already produced. *See* Motion at 6-7. But parties are entitled to question witnesses about documents they produce, and deposition testimony may provide clarity and context missing from the face of those documents. *See FTC v. Kroger Co.*, No. 24-cv-00347-AN, 2024 WL 3400098, at *4 (D. Or. July 12, 2024) ("[A] deposition, which by its nature provides an opportunity to inquire about previously received discovery and ask for explanations of business plans, policies, and other records, is not unreasonably cumulative because it seeks information on topics that may have been addressed, in part, by documents.").

***Fourth***, Mr. Shah argues that Defendant should instead depose Uday Devasper, a now-former employee of Effectus who worked on the warranty-liability issue and "has actual knowledge of the warranty accounting work performed for View." *See* Motion at 6-8. But Mr. Shah does not demonstrate why deposing Mr. Devasper would be "more convenient, less burdensome, or less expensive" than deposing him. *See* Fed. R. Civ. P. 26(b)(2)(C)(i); *see also Apple*, 282 F.R.D. at 263 (limiting discovery as available from other sources subject to judicial discretion).

### B.   The Court Will Not Shift Deposition Costs To Defendant

Mr. Shah requests that the Court order Defendant to pay his cost of attending the deposition in the event it denies his request to quash or for a protective order. He cites to the cost-shifting provision under Rule 45(d)(2)(B)(ii), but on its own terms, that rule shifts costs for complying with document subpoenas, not deposition subpoenas. Implicitly conceding as much, Mr. Shah pivots to requesting fees under Rule 45(d)(1) in his reply brief. *See* Dkt. 67 at 5. Under that rule, a court may exercise its discretion in sanctioning a party (including through ordering payment of lost earnings or attorneys' fees) for serving a subpoena: (1) that is not narrowly tailored; (2) in bad faith; (3) for an improper purpose; or (4) "in a manner inconsistent with existing law." *See Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). Mr. Shah argues that he satisfies this standard because Defendant insisted on subpoenaing him even though "counsel for [Defendant] was made repeatedly aware of Shah's lack of knowledge, which demonstrates [Defendant's] knowing failure to avoid imposing an undue burden on Shah." *See*

4

Dkt. 67 at 5. As discussed above, however, Defendant may properly depose Mr. Shah despite his claimed lack of knowledge, and, accordingly, seeking to do so does not impose an undue burden. Thus, the Court will neither shift fees nor sanction Defendant under Rule 45.

### IV.     MOTION TO SEAL

In connection with filing its opposition to the Motion, Defendant provisionally filed under seal documents containing information designated as confidential by View and Effectus. *See* Dkt. 61. View subsequently requested that Dkts. 61-3, 61-5, 61-9 and 61-10 remain sealed, and Effectus did not request any sealing. *See* Dkt. 68. Defendant opposes View's sealing request. *See* Dkt. 71. For good cause shown[3], the Court resolves the sealing dispute as follows:

| Docket Entry | Decision And Rationale |
|---|---|
| 61-2 | Unsealed; no party requests sealing |
| 61-3 | By **March 19, 2025**, View shall publicly file a copy of the document containing redactions for the estimates: (1) to replace IGUs; and (2) of the warranty reserve; the information-to-be-redacted constitutes View's non-public financial information on which the Court does not rely in this Order |
| 61-4 | Unsealed; no party requests sealing |
| 61-5 | Remain sealed; the Court does not rely on the document in this Order |
| 61-6 | Unsealed; no party requests sealing |
| 61-7 | Unsealed; no party requests sealing |
| 61-8 | Unsealed; no party requests sealing |
| 61-9 | Remain sealed; the Court does not rely on the document in this Order |
| 61-10 | Remain sealed; the Court does not rely on the document in this Order |

///

///

///

///

///

---

[3] To justify sealing "materials attached to a discovery motion unrelated to the merits of a case, . . . a party need only" show "good cause." *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citations omitted).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion and **ORDERS** the Clerk to unseal Dkts. 61-2, 61-4, 61-6, 61-7 and 61-8.

**SO ORDERED.**

Dated: March 12, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge
