UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIDUL PRAKASH,<br><br>　　　　　Defendant. | Case No. 23-cv-03300-BLF (SVK)<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY COOLEY LLP**<br><br>Re: Dkt. No. 64 |

Before the Court is Defendant Vidul Prakash's motion to compel non-party Cooley LLP ("Cooley") to produce documents in response to a subpoena served by Defendant. Dkt. 64. Defendant is the former Chief Financial Officer of View, Inc. (now known as View Operations, LLC) ("View"). Cooley represented View's former audit committee in an internal investigation regarding View's SEC filings that are the subject of this litigation and communicated with the SEC regarding the investigation. The Court reviewed the briefs submitted by Defendant, Cooley and View on the motion to compel and held a hearing with extensive argument on April 8, 2025. The Court ruled from the bench **GRANTING IN PART and DENYING IN PART** Defendant's motion to compel. A complete statement of the Court's reasoning is as set forth on the record. For the convenience of the Parties, the Court's ruling is summarized as follows:

1. Defendant, Cooley, and View agree that any information Cooley disclosed to the Securities and Exchange Commission ("SEC") is not protected by either the attorney-client privilege or work product protection. The record before the Court demonstrates that there were meetings, emails and phone calls between Cooley and the SEC. The record further indicates that any specific documents addressed in meetings have been produced by either Cooley or View. Cooley acknowledges that

1  it has not produced emails exchanged with the SEC, arguing that Defendant can seek those documents from the SEC in the underlying action, and the Court agrees. *See* Fed. R. Civ. P. 45(d)(3).  What is missing in this category are documents reflecting Cooley's oral disclosures to the SEC.  All disclosures, whether in writing or oral, are to be produced.  *U.S. v. Reyes* 239 F.R.D. 591, 604 (N.D. Cal 2006).  Accordingly, the Court **ORDERS** that by **May 7, 2025,** Cooley must produce documents that reflect all oral disclosures to the SEC.  As discussed at the hearing, one example of documents to be disclosed is contemporaneous notes of phone calls or meetings reflecting disclosures by Cooley, whether of facts or opinions.  If it was disclosed, it is not protected and must be produced.  Cooley may, however, redact portions of responsive documents that reflect undisclosed opinion work product (*i.e.*, work product that reflects an attorney's mental impressions, conclusions, opinions, or legal theories) or undisclosed attorney-client communications.  Any redactions must be included in a privilege log to be provided to the Parties on **May 7, 2025.**

2. If Cooley provided the SEC with a privilege log, Cooley must produce the log to Defendant by **May 7, 2025**.

3. Defendant seeks Cooley's production of additional documents based on subject matter waiver.  The Court has reviewed the evidence, the arguments of the parties to this motion and relevant case law, and concludes that no subject matter waiver has occurred.  Defendant has not established that by turning over certain materials to the SEC (which have or will be produced to Defendant), Cooley intentionally put "protected information into the litigation in a selective, misleading and unfair manner" such that it waived privilege or work product protection for other materials in Cooley's working files.  Adv. Cmte. Note to Fed. R. Ev. 502(a); *see also, e.g., SEC v. Berry*, 2011 WL 825742, at *5-6, *10 (N.D. Cal. Mar. 7, 2011); *SEC v. Schroeder*, 2009 WL 1125579, at *7-10 (N.D. Cal. Apr. 27, 2009); *Schmidt v. Levi Strauss & Co.*, 2007 WL 628660, at *1, 4 (N.D. Cal. Feb. 28, 2007); *SEC v.*

2

*Roberts*, 254 F.R.D. 371, 380-81 (N.D. Cal. 2008).

4. The Court also concludes that on this record, Cooley's disclosures to outside auditor PWC did not constitute disclosure to an adversary or any other basis for finding a waiver of work product protection. *See U.S. v. Sanmina Corp.*, 968 F.3d 1107, 1122 (9th Cir. 2020).

**SO ORDERED.**

Dated: April 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge