UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIDUL PRAKASH,<br><br>    Defendant. | Case No. 23-cv-03300-BLF (SVK)<br><br>**ORDER ON JOINT DISCOVERY STATEMENT**<br><br>Re: Dkt. No. 141 |

    Before the Court is the Parties' Joint Discovery Statement ("Joint Statement") pursuant to which Defendant Prakash seeks to compel Plaintiff SEC to produce its notes of calls and meetings with third-party View.[1]  Dkt. 141.  The Joint Statement follows previous orders of this Court directing the production of documents and depositions of third parties which were argued to encompass attorney work-product arising out of meetings between Plaintiff SEC and attorneys for View.  Dkt. 69; 88; 104.  The relevant factual background has been set forth in prior orders and is incorporated herein by reference.  *See* Dkt. 69.

    The Court first addresses a point of clarification.  In the Joint Statement, Defendant Prakash uses alternate phrasing, in some places asking for "all documents reflecting oral communications between SEC and View" and in others seeking "notes of meetings with View."  *See, e.g.*, Joint Statement at 3.  Helpfully, at one point Defendant Prakash makes a clear ask of Plaintiff SEC for 38 documents appearing on Plaintiff SEC's privilege log which reflect attorney notes from "conversations" with View.  Joint Statement at 3; *id.* at 3 n. 3.  Accordingly, the

---

[1] For simplicity, Defendant Prakash defines "View" as View Inc., its outside counsel at Munger Tolles & Olson LLP ("Munger Tolles"), its Audit Committee, and the Committee's outside counsel at Cooley LLP ("Cooley").  Plaintiff SEC does not oppose this definition, and the Court adopts it for this Order.

1   Court's reasoning and Order herein is directed to these 38 documents.

2   Turning to the Parties' arguments, Defendant Prakash urges that there is a substantial need for production of factual attorney work-product and concedes that opinion work-product may be redacted. Joint Statement at 3, 4. Plaintiff SEC urges that there has not been a showing of substantial need, particularly in light of the productions from View attorneys, Munger Tolles and Cooley. Joint Statement at 7, 9. The Court finds Defendant Prakash's arguments to be the more persuasive.

The conversations at issue are between third-party View and Plaintiff SEC and, as reasoned in prior orders, are not protected as View attorney work-product. Plaintiff SEC properly points out that there is a second level of work-product at issue here, the work product protection held by Plaintiff SEC. Plaintiff SEC also acknowledges, as it must, that factual work-product, though generally protected, may be produced upon a showing of substantial need. Joint Statement at 8; Fed. R. Civ. Proc. 26(b)(3)(A)(ii). Defendant Prakash makes that showing here. In particular, the production of documents by Cooley reflecting oral communications between View and Plaintiff SEC are incomplete in that there are meetings for which no notes have been produced and about which the Cooley witness has no recollection.[2] Joint Statement at 4-5. Defendant Prakash also points to the recent production by View of witness disclosures to the SEC, which were not previously accounted for in the witness "read-outs" which have been the subject of discussion before this Court. *Id.* In a similar vein, Defendant Prakash points to a specific disclosure to Plaintiff SEC by View regarding a third-party auditor which Defendant Prakash argues undermines an allegation in the complaint. *Id.* Finally, Defendant Prakash points to View disclosures to Plaintiff SEC regarding the role of Mr. Prakash in certain accounting functions. *Id.* The Court finds that these facts demonstrate a substantial need for Mr. Prakash to have access to Plaintiff SEC's notes of disclosures made by View as reflected in the 38 documents on Plaintiff SEC's privilege log. In short, on the record before this Court, Defendant Prakash is entitled not

---

[2] The incomplete Cooley production is the subject of a pending motion to compel brought by Defendant Prakash against third-party Cooley. Dkt. 142. The outcome of that motion, against a third-party, will not relieve Plaintiff SEC of its production obligations.

1  only to the notes of the disclosing party, as previously ordered by this Court, but to the notes of the
2  party receiving the disclosures as well.  Fed. R. Civ. Proc. 26(b)(3)(A)(ii).
3       Accordingly, the Court **ORDERS** as follows:  Plaintiff SEC is to produce the 38
4  documents on its privilege log reflecting notes of disclosures made to it by View.  The disclosure
5  encompasses all facts reflected in the documents.  Attorney mental impressions, opinions and legal
6  strategies, only, may be redacted.  Given that time is of the essence on the current case schedule,
7  production must be completed **no later than June 6, 2025**.
8       **SO ORDERED.**
9  Dated: June 2, 2025

                                          SUSAN VAN KEULEN
                                          United States Magistrate Judge